**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JONATHAN S. PINK, SB# 179685
  E-Mail: Jonathan.Pink@lewisbrisbois.com
ESTHER Y. SHIN, SB# 324049
  E-Mail: Esther.Shin@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Plaintiff Unimax
Communications, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| UNIMAX COMMUNICATIONS, LLC,<br><br>    Plaintiff,<br><br>    vs.<br><br>TRUE WIRELESS, LLC; SURGE HOLDINGS, INC.; and DOES 1 through 10, Inclusive,<br><br>    Defendants. | CASE NO.<br><br>**COMPLAINT FOR:**<br>  1.  **BREACH OF WRITTEN CONTRACT**<br>  2.  **COMMON COUNT: GOODS AND SERVICES RENDERED**<br>  3.  **COMMON COUNT: ACCOUNT STATED**<br><br>Trial Date:   None Set |

Plaintiff Unimax Communications, LLC, a Delaware limited liability company, hereby complains and alleges as follows:

**THE PARTIES**

1.  Plaintiff Unimax Communications, LLC ("Unimax" or "Plaintiff") is now, and at all times material hereto has been a Delaware limited liability company with its principal place of business in Orange County, California.

2.  Defendant True Wireless, LLC ("True Wireless") is now, and at all times material hereto has been a limited liability company with its principal place of business in Shelby County, Tennessee.

3.  Defendant Surge Holdings, Inc. ("Surge") is now, and at all times material hereto has been a corporation organized and existing under the laws of the State of

Nevada, with its principal place of business in Shelby County, Tennessee.

4. Unimax is informed and believes, and based thereon alleges that each of the defendants was the agent and/or employee of each of the remaining defendants, and was, at all times, acting within the purpose and scope of such agency and/or employment, and/or that each of the defendants directed, authorized, ratified and/or participated in the acts of, and/or was an alter ego of, the other defendants alleged herein. Without limiting the foregoing, Unimax is informed and believes and based thereon alleges that there is such a unity of interest and ownership that the individuality, or separateness, of Defendant and the other defendants has ceased, and that the facts are such that an adherence to the fiction of the separate existence of the corporation would, under the particular circumstances of this case, sanction a fraud or promote injustice.

5. The true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise, of the defendants named herein as DOES 1 through 10 inclusive, are unknown to Plaintiff who therefore sues such defendants by such fictitious names. Plaintiff is informed and believes, and based upon such information and belief alleges, that each of the defendants designated herein referred to, and negligently, tortuously, and unlawfully, proximately caused injury and damages to Plaintiff as alleged herein. Plaintiff will seek leave of Court to amend this Complaint to show defendants' true names and capacities after the same have been ascertained.

6. Plaintiff is informed and believes and based thereon alleges, that each defendants was the agent and employee of each other defendant, and in doing the things hereinafter alleged, acted within the scope and course of such agency and employment, and that each defendants has ratified and approved the acts of each other defendant.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over Plaintiff's claims under and pursuant to §

1332(a)(1) because Plaintiff and Defendants, upon information and belief, are citizens of different States. This Court has personal jurisdiction over the Defendants because Defendants have availed themselves to the jurisdiction of California; and Defendants transact business in California.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), and (c) and 1400(a), in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## GENERAL ALLEGATIONS

9. Plaintiff Unimax is, at all relevant times herein mentioned, a Delaware limited liability company that manufacturers and provides mobile communication devices.

10. Defendant True Wireless is, at all relevant times herein mentioned, on information and belief, a Tennessee limited liability company that provides wireless services.

11. Defendant Surge is, at all relevant times herein mentioned, on information and belief, a Nevada corporation that provides retail telecom services.

12. Plaintiff is further informed and believe and based thereon allege that at all times relevant hereto, each defendant was the agent, employee or representative of the other defendants, and was at all such times acting within the course and scope of said agency, employment and/or representation, and that the acts of each such defendant were authorized previously and/or ratified subsequently by each of the remaining defendants.

13. On or about April 6, 2018, a Purchase Order, No. UMC0406 (the "Purchase Order") was made by Defendant True Wireless to Plaintiff. A true and correct copy of the Purchase Order No. UCM0406 is attached hereto as Exhibit "A" and incorporated herein by reference.

14. Kevin Brian Cox, on information and belief, is the Chairman and CEO of both Defendants True Wireless and Surge Holdings, Inc.

15. On or around August 30, 2018, Defendant Surge Holdings sent a Technical

4845-7949-4295.1

3

COMPLAINT FOR BREACH OF CONTRACT AND COMMON COUNT

Approval Certification Letter ("Certification Letter") to Plaintiff identifying the customized specifications for the Purchase Order, No. UMC0406 of the mobile devices. Mr. Cox requested that Plaintiff customize the mobile devices to display the "Surge" logo along with a customization of other technical specifications. A true and correct copy of the Certification Letter is attached hereto as Exhibit "B" and incorporated herein by reference.

16. Pursuant to the Purchase Order, Plaintiff provided Invoice No. 2285, dated September 17, 2018 ("Invoice No. 2285") in the amount of $939,775.00. A true and correct copy of the invoice is attached hereto as Exhibit "C" and incorporated herein by reference.

17. Plaintiff subsequently proceeded to customize the mobile devices per the specifications set forth in the Certification Letter.

## FIRST CLAIM FOR RELIEF

### (For Breach of Contract Against All Defendants)

18. Plaintiff realleges and incorporates herein by reference all of the above paragraphs, inclusive, of this Complaint as though fully set forth herein.

19. On or about April 6, 2018, a Purchase Order, No. UMC0406 (the "Purchase Order") was made by Defendant True Wireless to Plaintiff. A true and correct copy of the Purchase Order No. UCM0406 is attached hereto as Exhibit "A" and incorporated herein by reference.

20. The consideration set forth in the Purchase Order was fair and reasonable.

21. Pursuant to the Purchase Order, Plaintiff provided Invoice No. 2285, dated September 17, 2018 ("Invoice No. 2285") in the amount of $939,775.00. A true and correct copy of the invoice is attached hereto as Exhibit "C" and incorporated herein by reference.

22. Despite Plaintiff's repeated efforts for payment under Invoice No. 2285, Defendants failed to make the full payment and rather offered false promises that Defendants "can promise [] that the open invoice will be paid before end of the

year." A true and correct copy of the email communications on or about December 10, 2018 to February 20, 2019 between Mr. Gannon, President of Unimax, and Mr. Nuzzo, the then Chief Operating Officer, now President of Surge Holdings, is attached hereto as Exhibit "D" and incorporated herein by reference.

23. In an email dated December 10, 2018, the Chief Operating Officer of Defendant Surge Holdings, Anthony P. Nuzzo, admitted to Plaintiff that there was "the outstanding invoice and the delay in payment" and that [Surge] was "doing everything possible so [Surge] can pay your invoice and will do so as soon as possible" and admitted that "with much regret I am unable to send your wire today." A true and correct copy of Mr. Nuzzo's email to Plaintiff Unimax's President, Dan Gannon, is attached to Complaint as Exhibit "E" and incorporated herein by reference.

24. To date, Defendant Surge has made a payment of $125,000.00 for Invoice No. 2285.

25. The Chairman and CEO of Surge Holdings, Kevin Brian Cox, also ensured Plaintiff that payment was scheduled to be made, "The second the funding hits the account, the wire will go out." A true and correct copy of the email is attached hereto as Exhibit "F" and incorporated herein by reference.

26. Plaintiff has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Purchase Order and Invoice No. 2285. To the extent any covenants and/or conditions have not been performed by Plaintiff, they have been excused by breach or non-performance by Defendants and DOES 1 through 10, inclusive.

27. Defendant breached the Purchase Order and Invoice No. 2285 by failing to pay Plaintiff that which is owed per Invoice No. 2285.

28. As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages in an amount of $814,775,00, plus interest, as well as special or consequential damages in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF

**(Common Count – Goods and Services Rendered Against All Defendants)**

29.  Plaintiff realleges and incorporates herein by reference paragraphs 1-28, inclusive, of this Complaint as though fully set forth herein.

30.  Since September 17, 2018, Defendants became indebted to Unimax in the sum of $814,775.00 for goods and services provided by Unimax at the request of Defendants for the use and benefit of Defendants.

31.  Unimax provided mobile devices and customization of the specifications of those mobile devices at the special request of Defendants and for the benefit of Defendants.

32.  Plaintiff has repeatedly demanded payment from Defendants.  The last demand was made on April 17, 2019.  A true and correct copy of the email dated April 17, 2019 from Mr. Gannon to Abiza Abidi is attached hereto as Exhibit "G" and incorporated herein by reference.

33.  Since September 17, 2018, interest has accrued at a rate of one (1%) percent per month, compounding monthly.

34.  Defendants have paid only the sum of $125,000.00, leaving a balance of $814,775.00.

35.  Despite Unimax's repeated demands for payment for said goods and services, Defendants have refused to make the outstanding payment.  An outstanding amount of $814,775.00 plus interest is due and owing to Unimax by Defendants.

## THIRD CLAIM FOR RELIEF

**(For Common Count - Account Stated Against All Defendants)**

36.  Plaintiff realleges and incorporates herein by reference paragraphs 1-34, inclusive, of this Complaint as though fully set forth herein.

37.  Within the last four years in Orange County, California, an account was stated in writing by and between Plaintiff and Defendants in the amount of at least $939,775.00.

38. Defendants have paid only the sum of $125,000, leaving a balance of $814,775.00. The whole of such sum has not been paid, despite Unimax's repeated demands for payment, and there is now due, owing, and unpaid from Defendants to Unimax the sum of $814,775.00 plus interest thereon at legal rate from the date said amounts became due until date of judgment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general damages according to proof;
2. For special damages according to proof;
3. For compensatory damages in the amount of at least $814,775.00 plus interest, together with additional interest thereon at the maximum legal rate;
4. For costs of suit herein incurred; and
5. For such other and further relief as the Court deems just and proper.

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests a jury trial for all causes of action so triable.

DATED: May 21, 2019                    JONATHAN S. PINK
                                       ESTHER Y. SHIN
                                       LEWIS BRISBOIS BISGAARD & SMITH LLP


                                       By:      /s/Jonathan S. Pink
                                           Jonathan S. Pink
                                           Esther Y. Shin
                                           Attorneys for Plaintiff Unimax
                                           Communications, LLC